IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DENIS AGUADO, | CV-19-00112-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STILLWATER COUNTY, et al., | |
| Defendants. | |

Plaintiff Denis Aguado, a state prisoner proceeding without counsel, filed a Motion to Proceed in Forma Paupers (Doc. 1), a proposed Complaint (Doc. 2) pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated during the course of criminal proceedings against him in 2012, and a Motion to Appoint Counsel (Doc. 3).  The motion to proceed in forma pauperis will be granted but Mr. Aguado's claims are barred by the applicable statute of limitations and should be dismissed.  Mr. Aguado's Motion to Appoint Counsel will be denied as moot.

## I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Aguado's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a).  (Docs. 1, 5.) The Court will grant the request to proceed in forma pauperis but since Mr. Aguado is a prisoner, he must still pay the statutory filing fee of $350.00.  28

1

U.S.C. § 1915(b)(1).  The Court will waive the initial partial filing fee required under 28 U.S.C. § 1915(b)(1) because Mr. Aguado submitted an account statement showing an inability to pay that fee.  *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Aguado may proceed with the case but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Aguado must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*

By separate order, the Court will direct Montana State Prison to forward payments from Mr. Aguado's account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full.  28 U.S.C. § 1915(b)(2).

## II.  STATEMENT OF THE CASE

### A.    Parties

Mr. Aguado is a state prisoner proceeding without counsel.  He is currently incarcerated at Montana State Prison in Deer Lodge, Montana.  He names Stillwater County, Sheriff Cliff Brophy, Undersheriff Woody Claunch, Randy Smith, Jennifer Siegfried, Marilynn Kober, Nancy Rohde, Daniel Guzynski, and

Sheriff Mike Linder as Defendants.  (Complaint, Doc. 2 at 7.)

### B. Allegations

Mr. Aguado alleges (1) he was denied his right to place a telephone call from August 5, 2012 through August 28, 2012; (2) he was denied the right to be free from cruel and unusual punishment based upon his inability to place a telephone call from August 5, 2012 through August 28, 2012; (3) that his right to counsel was violated because he was not allowed to place a telephone call between August 5, 2012 and August 28, 2012; (4) that his right to bail was denied when he was denied his ability to call a bail bondsman from August 5, 2012 through August 28, 2012; (5) that his right to be free from excessive bail was violated when on August 6, 2012 Justice of the Peace Marilyn Kober set his bail at $500,000.00; (6) that his right be free of unlawful searches and seizures was violated when search warrants were issued for recording devices and his home on August 10, 2012; (7) that his right to keep arms was violated when on August 10, 2012 Defendants ordered Mr. Aguado's wife and son to remove all firearms from his home; and (8) that his right to privacy in communications was violated when his phone conversation with the victim was recorded sometime in 2012.  (Complaint, Doc. 2.)

## III.  SCREENING STANDARD

Mr. Aguado is a prisoner proceeding in forma pauperis so the Court must

review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b)

and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant before it is served if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  A

complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed

with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint

"that states a claim for relief must contain . . . a short and plain statement of the

claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That

is, a complaint must "contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  A complaint's allegations must cross "the line from

conceivable to plausible."  *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's

allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

4

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

5

## IV.  SCREENING ANALYSIS

Mr. Aguado's claims are barred by the applicable statute of limitations.  The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues.  Mont. Code. Ann. § 27-2-204(1).

Mr. Aguado's Complaint is dated October 15, 2019, therefore all claims accruing prior to October 15, 2016 are barred by the applicable statute of limitations.  Mr. Aguado's claims arose in 2012.

Mr. Aguado argues his Complaint is timely because on August 22, 2013 he mailed copies of his "original complaint" to Montana State Attorney General's Office, the Stillwater County Attorney's Office, Stillwater County Sheriff's Office, Montana State Public Defenders Office, and the Federal Bureau of Investigations. On August 29, 2013, he hand-delivered his "original complaint" to Stillwater County Clerk of District Court, Stillwater County Attorney Nancy Rohde, Stillwater County Undersheriff Woody Clauch and to the Defendant's Attorney State Public Defender Gregory Paskell.

He argues he filed his "original complaint" within three years of the incidents complained of and neither the County nor the Attorney General ever

6

denied or responded to the "original complaint."  He contends that because no

denial or response occurred, the original limitation period was tolled and the six-

month limitation period set forth in Mont. Code Ann. § 27-2-209(3) never began.

(Complaint, Doc. 2 at 12-13.)

Mr. Aguado seems to argue that his claims are not time-barred because he

filed state tort claims with a public agency and with a state district court.  Any

effort Mr. Aguado made to present his claims to a state government agency or file

them with a state district court did not toll the limitations period for his federal

complaint raising § 1983 claims.  State notice of claim statutes-which apply when

claims are presented to public agencies and have their own special statutes of

limitations-have no applicability to § 1983 actions and do not toll the statute of

limitations.  *Felder v. Casey*, 487 U.S. 131, 140-41, 153 (1988); *Silva v. Crain*, 169

F.3d 608, 610 (9th Cir. 1999).  Mr. Aguado's claims accrued prior to October 15,

2016 and he has not presented any facts showing why his claim concerning the

incidents which occurred in 2012 are not time-barred.

Accordingly, the Court issues the following:

## ORDER

1.  Mr. Aguado's Motion to Proceed in Forma Pauperis (Doc. 1) is

GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc.

2) to remove the word "LODGED" and the Complaint is deemed filed on October 17, 2019.

    3.  Mr. Aguado's Motion to Appoint Counsel (Doc. 3) is DENIED AS MOOT.

    4.  At all times during the pendency of this action, Mr. Aguado must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

    Further the Court issues the following:

## RECOMMENDATIONS

    1.  This matter should be DISMISSED as being barred by the applicable statute of limitations.

    2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

    3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

    4.  The Clerk of Court should be directed to have the docket reflect that this

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the failure to file within the applicable statute of limitations constitutes a failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199 (2007); *Belanus v. Clark*, 796 F.3d 1021, 1023 (9th Cir. 2015) (a dismissal based upon statute of limitations constitutes a strike pursuant to 28 U.S.C. § 1915(g)).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Aguado may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of February, 2020.


_/s/ Timothy J. Cavan_
Timothy J. Cavan
United States Magistrate Judge

---

[1]Mr. Aguado is entitled an additional three (3) days after the period would otherwise expire.